# NUTTER *v.* RICKETTS.

The fact that an attorney of the party, was present at the taking of a deposition in his favor, on commission and interrogatories, where it is not apparent that the attorney prompted the witness, or in any positive manner influenced him, furnishes no ground for rejecting a deposition.

Where, in an action of trover against an officer, for the conversion of two horses, the defendant answered, alleging that he took two horses, as sheriff of D., county, from the possession of plaintiff, as the property of B., by virtue of a writ of attachment in favor of J. & S., in an action brought by them against B., and which was still pending, and that he sold the said horses as such sheriff, by virtue of the proceedings in said action; and also denying that plaintiff was the owner of said horses, and that defendant converted them to his own use; and when the defendant asked the court to instruct the jury, as follows:— "That the plaintiff, in order to recover, must show that he owned the horses, and that the defendant converted them, or the proceeds thereof, to his own use," which instruction the court refused, as follows:— "Refused, because a conversion of the horses, or the proceeds, so as to deprive the plaintiff of them, would be sufficient, if the jury are satisfied that he was the owner, and entitled to the possession": *Held*, That the gist of the instruction was, that the sheriff must convert to *his own* use, and that the instruction was properly refused.

Where, in an action of trover against an officer, for the conversion of two horses, the defendant justified under a writ of attachment against B.; and where testimony was introduced, tending to show that the plaintiff was in the employment of the owner, or owners, of a circus; that he bought one of the horses, (Young Alick), from one H.; that when the plaintiff paid the first one hundred dollars of the purchase money, he went to the clerk of the circus and obtained it; and that when he paid the balance, (one hundred and forty-five dollars), some time after, he did it by giving H. an order on the same clerk; and thereupon the defendant asked the court to charge the jury as follows: "That if the jury believe, that at the time of the sale of the spot-horse, (Young Alick), by H., the plaintiff went with H. to the clerk of the circus, and obtained from the clerk one hundred dollars, and handed it over to H., as part of the purchase money; and if the jury further believe, that at Milwaukie, the said H., got the balance, one hundred and forty-five dollars on the plaintiff's order, through the same clerk, these are such circumstances as to warrant the jury in treating the sale, as a sale to the owner, or owners, of the circus, and not as a sale to plaintiff; which instruction the court refused to give: *Held*, That there was no error in refusing the instruction.

There is no objection, in principle, to a jury seeing an object which is

the subject of testimony. The practice lies in the discretion of the court.

Where, in an action of trover, for the conversion of two horses, the court permitted the jury, with H., who was the person supposed to have sold one of the horses to the plaintiff, to go out and see the horse in the court yard; and where it did not appear that H. and the jury spoke together, or that any improper circumstance appeared: *Held*, That there was no impropriety in the proceeding.

Where it is sought to reverse a judgment, on the ground that the verdict is excessive, and contrary to the evidence, the whole of the testimony must be brought before the appellate court, or the objections arising from the finding of the jury cannot be considered.

*Appeal from the Dubuque District Court.*

THURSDAY, JUNE 10.

This was in the nature of an action of trover, for taking from the possession of the plaintiff two horses, which were his property; one of which was named Young Alick, and the other Burntside, and converting them to the defendant's use. A demand is alleged. The plaintiff also avers that the defendant sold the horses and converted the proceeds of such sale, and he claims damages in the sum of one thousand dollars. The defendant, answering, denies the claim of one thousand dollars, and says that he took the horses as sheriff of Dubuque county, from the possession, and as the property of, one Loren G. Butler, by virtue of a writ of attachment in favor of Johnson & Stephens, in an action brought by them, and which was still pending; and that he sold the said horses as such sheriff, by virtue of the proceedings in the said action. He denies that they were the property of Nutter, or that he had any interest in them, and that he, (defendant), converted them. A verdict and judgment were rendered in favor of the plaintiff in the sum of five hundred and thirty-two dollars. A motion for a new trial was overruled, and the defendant appeals. The errors assigned, and the other material facts, sufficiently appear in the opinion of the court.

*Smith, McKinlay & Poor*, for the appellant.

*David S. Wilson*, for the appellee.

WOODWARD, J.—The first error assigned, is to the over-ruling a motion of defendant, to exclude the deposition of Loren G. Butler, for the reason that one of the attorneys of the plaintiff was present before the commissioner, at the time of taking the deposition, and influenced him and the witness, in a manner prejudicial to the rights of defendant ; and a bill of exceptions shows that on the hearing of this motion, one of plaintiff's attorneys stated that he went to Chicago to see that the deposition was taken, and that the witness should attend, and should testify to all he knew ; that he was with witness three or four days, and drank liquor with him while there, and " endeavored to post him up in relation to the case;" that when before the commissioner, he did not speak to the witness, nor prompt, nor suggest, any answer; and that he did not propose to witness to swear to anything that he did not know to be true ; and he denied any improper conduct towards the witness.  The deposition was taken by commission and interrogatories.

We do not perceive, in this, a substantial ground for setting aside the deposition.   The mere fact that plaintiff's attorney was present at the taking, does not seem to be a sufficient reason.  If it appeared that he prompted or suggested, or that he in any positive manner influenced the witness or the officer, it might be different.   But we cannot suppose that his mere presence, had so strong an influence as to affect the testimony ; and the previous matter resolves itself into acquaintance and intimacy, and would form an equal objection to all depositions where the attorney of a party and the witness, held the same social or convivial relations.   Until something specific is shown, we must presume the witness capable of taking care of himself, and of speaking the truth equally with others. We do not think sufficient is shown to warrant the objection to the deposition.   And another reason exists

for the same conclusion. The deposition is not among the papers of the case, and it does not appear that it contained material testimony affecting the case, so that the party making this motion, does not show that he has received detriment from it.

The next alleged error arises upon the refusal of certain instructions asked by the defendant. The first of these was: That plaintiff, in order to recover, must show that he owned the horses at the time of the levy, and must farther show that the defendant converted the horses, or the proceeds thereof, to his own use. To this instruction, the court has added this note: "Refused, because a conversion of the horses or proceeds, so as to deprive the plaintiff of them, would be sufficient, if the jury are satisfied that he was the owner, and entitled to the possession." The instruction thus requested, would seem to be plain, and the refusal of the court not very intelligible, without the aid of some other portions of the case. Thus the above first instruction, in its meaning and intent, is explained by the second, which requested the court to instruct that a sale made by the sheriff upon an attachment, and a return of the proceeds into the office of the clerk of the court, is not a conversion to his own use. From this it appears, that the gist of the first one was, that he must convert *to his own use.* This is the only construction that gives meaning to the explanation of the court, and this we must take to be the understanding of the court and the parties on the trial, and under this view there was no error.

The defendant also assigns as error, the refusal of the court to give the third instruction asked by him. To understand this, some farther facts are necessary to be stated. Testimony was introduced, tending to show that Nutter was in the employment of the owner, or owners, of a circus; that he bought the horse, Young Alick, from one Horton; that when he paid the first hundred dollars of the purchase money, he went to the clerk of the circus

and obtained it; and that when he paid the balance, one hundred and forty-five dollars some time after, he did it by giving Horton an order on the same clerk. The defendant claims that he bought the horse for, and was agent of, the circus company. The defendant now requested the court to instruct, "that if the jury believe that at the time of the sale of the spot-horse, (or Young Alick,) by Horton, Nutter went with Horton to the clerk of the circus, and obtained from the clerk one hundred dollars, and handed it over to Horton, as part of the purchase money; and if the jury farther believe, that at Milwaukie, the said Horton got the balance, one hundred and forty-five dollars, on Nutter's order through the same clerk, these are such circumstances as to warrant the jury in treating the sale as a sale to the owner, or owners, of the circus, and not as a sale to Nutter." The court declined giving this instruction, and in so doing were correct, as we think. The giving it would have approached too nearly to an intimation of an opinion on the testimony —so near, at least, that the refusal of it cannot be regarded as an error. The court was correct in leaving this to the jury, with the residue of the evidence. Had the order on the clerk shown that the transaction was one belonging to the owners of the circus, it is probable the defendant would have caused it to be produced.

Error is also assigned upon the circumstance that the court permitted the jury, and Horton, the witness, to go out and see the horse in the courthouse yard. Horton was the person supposed to have sold the horse to Nutter, a year and a half before; and the question was, whether this was the same one. We see no impropriety in the proceeding. It is not pretended that the witness and jury spoke together, nor that any improper circumstance occurred. There is no objection, in principle, to a jury seeing an object which is the subject of testimony. By this means, they may obtain clearer views, and be able to form a better opinion. Small articles, the subject of testimony, are not unfrequently introduced to the in-

spection of the jury, and no reason forbids the same course in relation to larger ones, other than the practicability and convenience of so doing. The practice lies in the discretion of the court.

Finally, the defendant assigns as error, the overruling his motion to set aside the verdict, and for a new trial. A portion of the grounds of this motion, consisted in the refusal of instructions which have been noticed above, and in the other alleged error which have been considered; other grounds assigned are, that the verdict is excessive; and that it is contrary to the evidence, and against the weight of the evidence. The whole of the testimony not having been brought to this court, as was intended by the defendant, the objections arising from the finding of the jury, cannot be considered. This disposes of all the exceptions taken, which can be reached, and we find no error herein. The judgment of the district court will be affirmed.

Judgment affirmed.