FANNY V. ARTHUR v. P. S. HENRY.

(Filed 20 December, 1911.)

**Measure of Damages—Fear and Fright—Physical Suffering.**

In this action for damages alleged to have been caused by the negligence of defendant in blasting with loud noises near the plaintiff's home and causing rocks and débris to fall on the prem-

ises, the question of damages was correctly limited by the charge
of the court to such as were caused by the acts complained of,
and not otherwise, excluding such as may have been occasioned
from fear and fright alone, and which did not cause physical
injury.

APPEAL by defendant from *Webb, J.,* at May Term, 1911, of
BUNCOMBE.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Justice Allen.*

ALLEN, J.  The evidence in this case and the questions pre-
sented are practically identical with those in the case of *John P.
Arthur v. Henry, ante,* 393, except in that case the plaintiff
was seeking to recover damages for injury to his property, com-
pensatory and punitive, while in this the plaintiff, who is a
sister of John P. Arthur and lived in the house with him, sues
to recover damages for injury to her health.

In this action punitive damages were not awarded.

There was evidence which, if accepted by the jury, established
the fact that the plaintiff was made sick and suffered in body
and mind as the result of the operations of the defendant and
of the Faragher Company, for whose acts the defendant was
liable, and his Honor was careful to exclude the idea that the
plaintiff could recover for fright unaccompanied by physical
injury.

He said to the jury: "That mere fright is not actionable.
Because a man or woman gets frightened at something, it is not
actionable.  If you find that the plaintiff in this cause was
frightened, that she was put in fear, the court charges you that
that is not actionable; but if you find that she was put in fear
and frightened to such an extent that she suffered physical pain,
suffered in body and mind, and was made sick, and that such
fright and fear were brought about by the negligence of the
defendant and was its proximate cause, then the law says it is
actionable.

"If you find the defendant was guilty of negligence, and that
rocks fell about the house, and that thereby she was put in fear
or frightened, but if you find that she was not made sick by
reason of such fright, but her sickness was caused by other

causes, that her sickness came from some other cause, and that she was not made sick by reason of this fright, and that she was made sick by some other cause than the fright, she could not recover. As I have said, mere fright is not actionable; but if she was put in fear by reason of rocks falling around, if you find they did so fall, and she became sick, and that the sickness was the immediate result of the fright, that the sickness followed from the fright, and that had it not been for such fright and fear the sickness would not have come, then it is actionable; but if it did not flow directly from that, she would not be entitled to recover.

"Or if you find that she was not put in fear and not frightened, and not made sick by the negligence of the defendant, if such acts were negligent, then she would not be entitled to recover. If you find that she was consulted, and that she consented that they might go on with blasting, on condition that they would come and give her notice before the blasts were set off, and that they did give her notice, then the court charges you that she could not recover."

This follows the principle announced in *Kimberly v. Howland,* 143 N. C., 398, which has been affirmed in *May v. Telegraph Co., ante,* 416.

No error.