NETTIE KRAMER, Appellant, v. HENRY RICKSMEIER, Appellee.

**Damages:** REMOTE AND SPECULATIVE: ASSAULT. A telephone communication ordering plaintiff to take care of her husband's cattle which were on defendant's premises, although in such violent language as to cause plaintiff, who was recovering from sickness,

great bodily and mental pain and anguish, will not support a recovery of damages therefor, because too remote, speculative and improbable.   Nor can the action be maintained on the theory of assault; as mere words, though directly spoken, do not constitute an assault.

*Appeal from Franklin District Court.*—HON. R. M. WRIGHT, Judge.

WEDNESDAY, FEBRUARY 19, 1913.

ACTION for damages for bodily pain and mental anguish resulting from humiliation and shock caused by the defendant by the use of angry and threatening language over the telephone.   There was a demurrer to the petition which was sustained.   Plaintiff elected to stand upon her petition, and judgment was entered accordingly.   Plaintiff appeals.— *Affirmed.*

*J. H. Scales,* for appellant.

*F. J. McGreevy,* for appellee.

EVANS, J.   The plaintiff charged as follows:

(1)   That she was a person of fair health and able to perform her duties in and about her home on the farm occupied by her and her husband, prior to the month of March last.   (2)   That during said month she was attacked with inflammatory rheumatism, which left her in an enfeebled and nervous state.   (3)   That she was making ostensible progress in the way of recovery from said affliction and able to be about her household duties up to about the 12th day of April last.   (4)   That on or about said date the defendant, in the absence of plaintiff's husband, without cause or provocation on the part of plaintiff, willfully, maliciously, wantonly, and negligently called plaintiff to the telephone in her home, and willfully, wantonly, maliciously, and negligently, and in a vociferous and angry manner, well knowing that her husband was absent, began to make statements about the cattle belonging to her husband, that they had broken out of their pen and were at large, and willfully, wantonly, and negligently, and with the

intent to provoke and injure plaintiff, in violent and profane language, ordered her to take charge of the cattle at once, with an intimation that he would be at plaintiff's home to avenge himself for an assumed wrong she had permitted in failing to keep her husband's cattle within their inclosure, with intent to frighten, annoy, and injure plaintiff. (5) That by reason of said willful, wanton, violent, abusive, threatening, and profane language over said telephone line by defendant, plaintiff became and was greatly humiliated and shocked, and caused to become greatly excited and nervous, resulting in sickness and debility, and causing plaintiff great pain and anxiety and to relapse into a feeble and debilitated condition, from which she has been unable to recover and is permanently disabled, and suffers great bodily pain and mental anguish, and she believes she will continue to so suffer such pain and anguish in the future.

The demurrer was based upon the general ground that no cause of action was stated and that the alleged damages were speculative and remote. Counsel for appellant concedes that there are no authorities which sustain his contention for the sufficiency of his petition. He contends, however, that the wrong charged against the defendant is equivalent to an assault, and that it is analogous also to an action for malicious prosecution. So far as we know, it has been held uniformly that claims of the nature set forth in the plaintiff's petition are too speculative and remote and improbable to furnish a basis for an action for damages. The question received consideration by us in *Lee v. Burlington,* 113 Iowa, 356. Also in *Mahoney v. Dankwart,* 108 Iowa, 321, and to some extent in *Zabron v. Cunard Steamship Co.,* 151 Iowa, 345. We need not repeat the arguments contained in the opinions in these cases. The following cases from other jurisdictions are to the same effect: *Nelson v. Crawford,* 122 Mich. 466 (81 N. W. 335, 80 Am. St. Rep. 577); *Cleveland v. Stewart,* 24 Ind. App. 374 (56 N. E. 917); *Spade v. Railway Co.,* 168 Mass. 285 (47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393); *Mitchell v. Railway Co.,* 151 N. Y. 107 (45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604); *Braun v. Craven,*

175 Ill. 401 (51 N. E. 657, 42 L. R. A. 199) ; *Ewing v. Railway Co.,* 147 Pa. 40 (23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709).

Neither can the action be sustained on the theory that an assault is charged. It is well settled that mere words, even at short range, do not constitute an assault. *State v. Butler,* 155 Iowa, 204; *Irlbeck v. Bierl,* 101 Iowa, 242; *Grayson v. St. Louis Transit Co.,* 100 Mo. App. 60 (71 S. W. 730). The fact that the words were spoken over the telephone line would of itself quite negative the theory of assault. Regardless of particular theory, the courts usually look with some disfavor on this kind of an action because of the great uncertainty presented both as to cause and effect. Some courts, including our own, have gone further than others in sustaining a right of action for physical injuries resulting from fright alone when caused by the unlawful conduct of the defendant. These cases have usually involved acts of the defendants therein committed in the immediate presence of the plaintiff. In *Watson v. Dilts,* 116 Iowa, 249, we held in favor of a right of action for physical injuries resulting from fright caused by the unlawful entry of the defendant into the home of the plaintiff in the nighttime, and by his unlawful conduct therein, whereby the plaintiff and members of her family were put in great peril of bodily injury. This wrongful conduct included an assault upon plaintiff's husband. Though the petition in the case before us charges that the conduct of the defendant was willful, wanton, and malicious, it charges no act which was unlawful or wrongful in a legal sense. The defendant only talked with the plaintiff over the telephone, imparting to her truthful information in regard to the cattle, and complained thereof. He was clearly within his rights in so doing, unless it be that the condition of the plaintiff was so enfeebled that she could not endure such speech, and that the defendant knew it—a point upon which we intimate no opinion. It is not so charged in the petition, and we need not consider that phase of the question. Whatever may be plausibly said on

general principles in favor of such action as we have before us, it is quite clear, under the authorities, that we would not be justified in going further than we did in the *Watson* case. The order of the trial court is therefore *Affirmed*.