ANGIE JOHNSON, Appellant, v. J. B. HAHN, Appellee.

**TORT:** Invasion of Home and Person—Damages. The unlawful in-
1 vasion of one's home or person is actionable, even though the damages be indefinite.

PRINCIPLE APPLIED: A cause of action is stated by allegations: That defendant went to the home of plaintiff against her wish, placed his hand upon her person, though without actual physical injury, and urgently solicited sexual intercourse with her, resulting in humiliation, insult, fear and mental and physical suffering to plaintiff.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

Saturday, December 19, 1914.

Action for damages for indecent assault. A demurrer to the petition was sustained. The plaintiff appeals.—*Reversed.*

*Lee & Robb,* for appellant.

*E. A. Wissler,* for appellee.

Evans, J.—It appears from the plaintiff's petition that she is and was a married woman. Her petition herein made the following averments:

"That on or about the 30th day of January, 1913, the defendant, and without the invitation from plaintiff and against her wish and will, came to the home of plaintiff and 

1. Tort: invasion of home and person: damages.

solicited this plaintiff to commit a crime with him, the defendant, against society and the laws of the state of Iowa, to wit, the crime of adultery, well knowing at the time that this plaintiff was a married woman. That this defendant by his conduct, actions, language and his improper assaults, solicitations and importunities, humiliated, insulted, debased plaintiff, and put her in great fear and caused her great and acute mental suffering and anguish, humiliation and distress of mind, and drove her from her home.

"That thereafter and on or about the — day of ——, 1913, this defendant again came to the home of the plaintiff without invitation from her against her will and without authority and assaulted plaintiff and abused her and by his conduct, actions and language put plaintiff in great bodily fear and distress of mind and so frightened her as to drive her from her home. That the said plaintiff at the time was approaching maternity and the wanton, vicious and base assaults and solicitations on the part of the defendant caused this plaintiff to become nervous, distressed in mind and body and sick.

"That the assault referred to consisted of improper solici-

tations and urgent importunities as in the said petition set forth on the part of the defendant, whereby the plaintiff was distressed, humiliated, insulted and debased by the wanton and uninvited liberties and criminal proposals made to her by defendant and the liberty taken by the defendant in approaching near to plaintiff and laying his hand on her and touching her person. That there was no actual physical violence offered her by the defendant except as occasioned by the acts herein . . . set forth.''

Substantial damages were prayed. The demurrer was put upon the ground that the damages claimed were speculative and remote and that the allegations of the petition afforded no basis for the assessment of damages. The petition charges that the defendant against her will unlawfully invaded her home and invaded her person. What element of a cause of action is wanting is not pointed out in the appellant's brief. It is true that damages in such a case are indefinite and cannot be ascertained with exactness but that inheres in the nature of many causes of action. The petition was not demurrable. Appellee relies upon *Kramer v. Ricksmeier*, 159 Iowa 48. The citation is not at all in point. *Watson v. Dilts*, 116 Iowa 249, and *Krehbiel v. Henkle*, 152 Iowa 604, are more to the point involved herein. The order sustaining the demurrer and dismissing petition must therefore be—*Reversed.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.