ANNIE HOLDORF, Appellant, v. CHARLES HOLDORF, Appellee.

ASSAULT AND BATTERY: Injury from Fright. A simple assault
1   is actionable (a) when willfully committed, (b) when accom-
    panied by violent conduct evincing an intention to carry the

assault to the point of a battery, and (c) when some physical injury results, *even from fright only*, to the one assaulted.

**PLEADING:** · Statute of Limitations. The statute of limitations 2 must be specially pleaded.

*Appeal from Pottawattamie District Court.—*J. B. ROCKAFELLOW, Judge.

DECEMBER 14, 1918.

REHEARING DENIED MARCH 20, 1919.

ACTION for damages. Directed verdict for defendant. The material facts are stated in the opinion.—*Reversed.*

*Cullison & Wyland,* and *F. A. Turner,* for appellant.

*Preston & Dillinger,* for appellee.

STEVENS, J.—Plaintiff brings this action to recover damages caused by an alleged assault upon her by the defendant, resulting in a miscarriage, accompanied by severe and painful lacerations. The defendant

1. ASSAULT AND BATTERY: injury from fright.

denied the assault, and contends in argument that whatever injuries, if any, plaintiff is shown to have suffered, were due solely to fright, . for which no recovery can be had. According to the testimony of plaintiff, defendant came to the farm where she was living with her husband, in the latter part of August, 1914, where the following transpired:

"This trouble arose in August, 1914. It was on the farm where we, my husband and I, were living. My husband was down by the barn when it happened. The barn was about 200 feet southeast of the house,—something like that. Well, he, the defendant, drove into the yard. He and Orrin was on the running gear of a wagon, and I was by the well, pumping a bucket of water; and as he drove into the yard, he said 'Good morning,' and I said 'Good morning;' and then, when he was even with me, he

said, 'Whoa,' and he stopped and got off the wagon and picked up a club and shook it at me. He says, 'You are making trouble between my kids,' and I said I wasn't; and he says, 'You are,' he says, 'the ponies,—you are going to pay a hundred dollars for the ponies; the ponies are mine, and the buggy is mine, too,' he says. And he come up towards me, and he did as if he was to strike me, and he struck three times. And he come up close to me, and there was a watering trough in between us. He was about a foot and a half from me, when he offered to strike. I stood stiff. I was scared so I couldn't move. At that moment, I was pumping water in a bucket for house use. I went out there to get the bucket of water, and I was at the pump when he began to talk to me. When he made his last effort to hit me, he was about a foot or two away. He acted like he was mad. After he went down to the barn, I went to the house. I walked. I did not take the water with me. I felt like everything gave way in my abdomen, and began to feel sick. I was scared. Yes, sir, I was afraid of him. I was in the family way at that time. I had been that way for about six months."

She further testified that, upon arrival at the house, she experienced severe pain in her abdomen, which continued at intervals, with increasing violence, until on or about the 5th day of September, when a physician was called, and she gave premature birth to a child. The court, at the close of plaintiff's evidence, directed a verdict in favor of the defendant, and plaintiff appeals.

I. Plaintiff and her husband resided as tenants upon a farm owned by defendant, who was engaged in erecting a barn thereon, at the time of the transaction complained of. The first contention of counsel for appellee is that, under the evidence of plaintiff, defendant, at most, committed a simple assault upon her, for which, in the absence of some physical injury, nominal damages alone could be

recovered. An assault has been variously defined by this court; but acts threatening violence to the person of another, coupled with the means, ability, and intent to commit the violence threatened, constitute an assault. The evidence does not disclose that defendant made verbal threats of violence, or that he touched her person; but he was apparently very angry, and approached plaintiff in a manner, and with demonstrations, well calculated to inspire in her the fear and belief that he intended to make a violent assault upon her person. The force relied upon as constituting the alleged assault was not quiescent, but was accompanied by all of the manifestations of an intended battery. His acts and conduct were a clear violation of the plaintiff's rights, and the results following the assault were such as might reasonably have been expected, under the circumstances, to follow therefrom. We have no hesitation in holding that, if plaintiff suffered some physical injury, an actionable assault was committed upon her.

II. It is, however, contended by counsel for appellee that no physical injury was inflicted upon plaintiff, and that, if she suffered damages, it was due to fright alone, for which no recovery can be had. The authorities are not in harmony upon this point, and it has often been held that no recovery will be permitted for damages resulting solely from fright caused by the negligence of another, in the absence of some physical injury. *Lee v. City of Burlington,* 113 Iowa 356; *Mahoney v. Dankwart,* 108 Iowa 321; *Zabron v. Cunard Steamship Co.,* 151 Iowa 345; *Kramer v. Ricksmeier,* 159 Iowa 48; *Cleveland, C., C. & St. L. R. Co. v. Stewart,* 24 Ind. App. 374 (56 N. E. 917); *Braun v. Craven,* 175 Ill. 401 (51 N. E. 657); *Driscoll v. Gaffey,* 207 Mass. 102 (92 N. E. 1010); *Kennell v. Gershonovitz,* 84 N. J. L. 577 (87 Atl. 130); *Arthur v. Henry,* 157 N. C. 438 (73 S. E. 211); *Cook v. Village of Mohawk,* 207 N. Y. 311 (100 N. E. 815). But, as holding to the contrary, see

*Spearman v. McCrary,* 4 Ala. App. 473 (58 So. 927); *St. Louis S. W. R. Co. v. Murdock,* 54 Tex. Civ. App. 249 (116 S. W. 139).

The rule, however, denying liability for injuries resulting from fright caused .by negligence, where no physical injury is shown, cannot be invoked where it is shown that the fright was due to a willful act. *Watson v. Dilts,* 116 Iowa 249; *Johnson v. Hahn,* 168 Iowa 147; *Engle v. Simmons,* 148 Ala. 92; *Pullman Co. v. Cox,* 56 Tex. Civ. App. 327 (120 S. W. 1058); *Pankopf v. Hinkley,* 141 Wis. 146 (123 N. W. 625); *Green v. Shoemaker & Co.,* 111 Md. 69 (73 Atl. 688); *Gulf, C. & S. F. R. Co. v. Hayter,* 93 Tex. 239 (47 L. R. A. 325); *May v. Western Union Tel. Co.,* 157 N. C. 416 (72 S. E. 1059); *Lesch v. Great Northern R. Co.,* 97 Minn. 503 (106 N. W. 955); 1 Sutherland on Damages (4th Ed.) Section 24; *Bouillon v. Laclede Gas Light Co.,* 148 Mo. App. 462 (129 S. W. 401).

In *Watson v. Dilts,* supra, this court held that plaintiff could recover for damages to her nervous system resulting solely from fright, upon the theory that the injuries suffered were physical in character. In that case, the defendant wrongfully and stealthily entered the home of plaintiff, went to the second story for the apparent. purpose of committing a felony, entered the room of plaintiff's husband, with whom he engaged in an encounter, causing the fright complained of. No physical violence was inflicted upon the plaintiff. The doctrine of this case is reaffirmed and fully sustained by *Johnson v. Hahn,* supra. The holding in the above cases is easily distinguished from that in *Lee v. City of Burlington, Mahoney v. Dankwart, Kramer v. Ricksmeier,* and *Zabron v. Cunard S. Co.,* supra. In the first two of the above cases, negligence alone was charged; while in *Kramer v. Ricksmeier,* no assault was charged; and in *Zabron v. Cunard S. Co.,* the only injuries complained of were mental pain and suffering; whereas, in

the case at bar, if the testimony of plaintiff is to be believed, defendant made a willful assault upon her, at a time and under circumstances from which, if he knew her condition, he might reasonably have anticipated the very consequences which, it is charged, followed. If a party whose nervous system has been so injured by fright as to produce nervous prostration and other unfortunate consequences is permitted to recover upon the theory that a physical injury is shown, we are unable to see why a woman who has undergone the pains of premature childbirth, accompanied by severe and painful lacerations, should be denied recovery upon the ground that no physical injury is shown. According to the testimony, plaintiff was severely frightened, and almost immediately began to suffer intermittent physical pains. Physicians, testifying in her behalf, said, in answer to proper hypothetical questions, that a miscarriage might well have been expected to follow the treatment accorded plaintiff by the defendant. The jury could have found that the act of the defendant was willful, if not malicious. The danger to be apprehended from permitting recovery for damages of the character, and under the circumstances detailed, is that it tends to encourage the prosecution of trumped-up and ill-founded claims, which permit the jury to enter the field of speculation, and which admit of no certain or positive proof to overcome; but the danger to be thus apprehended should not be allowed to provide a shield for the wrongdoer, to protect him from the consequences of a willful assault upon a woman in the condition of plaintiff, and under the circumstances shown. The law should afford no such protection to a willful wrongdoer. Of course, plaintiff can recover damages only for such injuries as were the natural and proximate result of the acts complained of; but this is a question of fact, to be submitted to a jury under proper instructions. In our opinion, the motion for a directed verdict should have been overruled.

III. Plaintiff's petition was filed more than two years after the assault occurred. A demurrer was sustained to her original petition, upon the ground that her cause of action was barred by the statute of limitations. She amended her petition, however, and alleged that, during most of the time after the assault, the defendant had resided in the state of Colorado, but offered no evidence to sustain this allegation of her petition. Defendant did not, however, plead the statute of limitations. By the failure to do so, same was waived. *Central Trust Co. v. Chicago, R. .I. & P. R. Co.*, 156 Iowa 104.

2. PLEADING: statute of limitations.

For the reasons indicated, the judgment of the court below must be, and is,—*Reversed.*

LADD, WEAVER, and GAYNOR, JJ., concur.