Theresa M. ZEIGLER, individually; and Theresa M. Zeigler, as mother and next friend of Madisen Zeigler, Plaintiff,

v.

FISHER–PRICE, INC., Defendant.

No. C01–3089–PAZ.

United States District Court, N.D. Iowa, Central Division.

May 8, 2003.

Stephen F. Avery, Cornwall, Avery, Bjornstad, Scott, Spencer, IA, for plaintiff.

Cheryl Possenti, Goldberg, Segalla LLP, Buffalo, NY, Kevin M. Reynolds, Whitfield & Eddy, PLC, Des Moines, IA, for defendant.

## MEMORANDUM OPINION AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ZOSS, United States Magistrate Judge.

TABLE OF CONTENTS

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1048

**II. FACTUAL BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1048

**III. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1049
    **A. Standards for Summary Judgment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1049
    **B. Claim for Emotional Distress** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1050

**IV. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1053

## I. INTRODUCTION

This matter is before the court on the defendant's motion for partial summary judgment (Doc. No. 53), filed April 1, 2003. The motion is supported by a brief (Doc. No. 54), a statement of undisputed facts (Doc. No. 55), and an appendix (Doc. No. 56). On April 17, 2003, the plaintiff filed a resistance to the motion (Doc. No. 62), a brief in support of the resistance (Doc. No. 63), a statement of material facts in support of the resistance (Doc. No. 64), and a response to the defendant's statement of undisputed material facts (Doc. No. 65). On April 24, 2003, the defendants filed a reply brief. (Doc. No. 68) The defendant requested oral argument on the motion, and the court heard oral arguments on May 7, 2003. The court now is prepared to address the issue raised in the defendant's motion.[1]

## II. FACTUAL BACKGROUND

The following facts are not in dispute.[2] On June 1, 2001, a fire occurred at the plaintiff's residence in Estherville, Iowa, causing the plaintiff approximately $180,000 in property damage. At the time of the fire, a toy vehicle known as a "Power Wheels Barbie Sun Jammer Jeep" was parked in a garage attached to the house. The plaintiff claims a product defect in the toy vehicle caused the fire. The defendant denies there were any defects in the toy vehicle, and further denies any such defect caused the fire.

In this action, the plaintiff is seeking to recover for her property damage, as well as damages for emotional distress. Neither the plaintiff nor her daughter was present in the home when the fire occurred, and neither of them sustained any personal injuries from the fire. Neither the plaintiff nor her daughter saw a physician or obtained any medical, psychological, or psychiatric care as a result of the fire.

In the plaintiff's complaint, she alleges causes of action based on fraudulent concealment and nondisclosure (Count II), the Consumer Product Safety Act (Count III),[3] negligence (Count IV), product liability (Count V), negligent design and testing (Count VI), negligent failure to warn (Count VII), and implied warranty (Count VIII). (Doc. No. 1) In its answer, the defendant denies liability on all of the counts alleged in the complaint, and asserts fourteen affirmative defenses. (Doc.

---

**1.** During telephonic oral arguments on the current motion, the court reserved ruling on the motion until briefing has been completed on the defendant's second motion for partial summary judgment. Since the hearing, the court has conducted further research into the issue raised here, and concludes no further delay is necessary and the motion is ready for decision.

**2.** These facts are taken from the parties' statements of undisputed facts.

**3.** The Consumer Product Safety Act claim was dismissed in an earlier order entered by this court. (*See* Doc. No. 44).

No. 4) In affirmative defense number 5, the defendant asserts the following:

> Plaintiff cannot recover for "mental anguish" (for either herself or her minor daughter), "fear," "apprehension," or "inconvenience" as a result of the circumstances alleged in the Complaint. Plaintiff has not alleged facts which would give rise to a claim for bystander emotional distress or the tort of intentional infliction of emotional distress under Iowa law. As a result, this claim fails to state a claim upon which any relief can be granted.

*Id.*

The sole issue raised by the defendant in its motion is whether, under the facts of this case, the plaintiff can recover damages for emotional distress under Iowa law.[4]

### III. LEGAL ANALYSIS

#### A. Standards for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and provides that either party to a lawsuit may move for summary judgment without the need for supporting affidavits. Fed.R.Civ.P. 56(a) & (b). Rule 56 further states that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). "A court considering a motion for summary judgment must view all the facts in the light most favorable to the nonmoving party, ... and give [the nonmoving party] the benefit of all reasonable inferences that can be drawn from the facts." *Lockhart v. Cedar Rapids Comm. Sch. Dist.*, 963 F.Supp. 805, 814 (N.D.Iowa 1997) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

The party seeking summary judgment must " 'inform[ ] the district court of the basis for [the] motion and identify[ ] those portions of the record which show lack of a genuine issue.' " *Lockhart*, 963 F.Supp. at 814 (quoting *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir.1992)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A genuine issue of material fact is one with a real basis in the record. *Lockhart*, 963 F.Supp. at 814 n. 3 (citing *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1355–56). Once the moving party has met its initial burden under Rule 56 of showing there is no genuine issue of material fact, the nonmoving party, "by affidavits or as otherwise provided in [Rule 56],[5] must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e); *Lockhart*, 963 F.Supp. at 814 (citing *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

Addressing the quantum of proof necessary to successfully oppose a motion for summary judgment, the United States Supreme Court has explained the nonmoving party must produce sufficient evidence to permit " 'a reasonable jury [to] return a verdict for the nonmoving party.' " *Lockhart*, 963 F.Supp. at 815 (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Furthermore, the Court has held the trial court must dispose of claims

---

4. There is no question that the applicable law in this diversity action is the law of Iowa, as the state with the most significant relationship to the action. *See* Doc. No. 44, p. 5, and authorities cited therein.

5. *I.e.*, by "affidavits ... supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fed.R.Civ.P. 56(e).

unsupported by fact and determine whether a genuine issue exists for trial, rather than "weigh the evidence and determine the truth of the matter." *Lockhart,* 963 F.Supp. at 815 (citing *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11; *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56).

The Eighth Circuit recognizes "summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." *Wabun–Inini v. Sessions,* 900 F.2d 1234, 1238 (8th Cir.1990) (*citing* Fed.R.Civ.P. 56(c)). The Eighth Circuit, however, also follows the principle that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555); *Hartnagel v. Norman,* 953 F.2d 394, 396 (8th Cir.1992).

Thus, the trial court must assess whether a nonmovant's response would be sufficient to carry the burden of proof at trial. *Hartnagel,* 953 F.2d at 396 (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Woodsmith Publishing Co. v. Meredith Corp.,* 904 F.2d 1244, 1247 (8th Cir.1990). However, if the court can conclude that a reasonable jury could return a verdict for the nonmovant, then summary judgment should not be granted. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir.1991); *Woodsmith,* 904 F.2d at 1247.

Keeping these standards in mind, the court now will address the defendant's motion for partial summary judgment.

### B. Claim for Emotional Distress

■ Apart from the independent torts of intentional infliction of emotional distress and negligent infliction of emotional distress, which the plaintiff has not raised in this case,[6] the general rule in Iowa is that a plaintiff seeking to recover damages for emotional distress must show (1) intentional, willful, or unlawful conduct by a defendant; or (2) some physical injury to the plaintiff. *See Clark v. Estate of Rice ex rel. Rice,* 653 N.W.2d 166, 169 (Iowa 2002) (citing *Mills v. Guthrie County Rural Elec. Coop. Ass'n,* 454 N.W.2d 846, 852 (Iowa 1990)) (stating the general rule and discussing exceptions); *Niblo v. Parr Mfg., Inc.,* 445 N.W.2d 351, 354 (Iowa 1989) (recognizing independent cause of action for intentional infliction of emotional distress; stating rule that no action will lie for negligent infliction of emotional distress absent physical injury).

■ The Iowa courts have carved out some notable exceptions to the general rule. First, Iowa recognizes "bystander liability based on the breach of a duty of care by the defendant not to cause emotional distress to those who witness conduct that causes serious harm to a close relative." *Clark,* 653 N.W.2d at 170 (citing *Barnhill v. Davis,* 300 N.W.2d 104, 108 (Iowa 1981)).

■ Second, Iowa recognizes liability "for direct victims of emotional distress ... when the nature of the relationship between the plaintiff and the defendant is such that it supports the imposition of a duty of care on the defendant to avoid causing emotional harm to the plaintiff." *Clark,* 653 N.W.2d at 171–72 (citing *Oswald v. LeGrand,* 453 N.W.2d 634, 639

---

**6.** *See* Complaint, Doc. No. 1; Doc. No. 63, p. 2.

(Iowa 1990); *Niblo,* 445 N.W.2d at 354). *See Meyer v. Nottger,* 241 N.W.2d 911, 918 (Iowa 1976); *Amsden v. Grinnell Mut. Reinsur. Co.,* 203 N.W.2d 252, 253–55 (Iowa 1972).

██ Third, Iowa recognizes the availability of emotional distress damages when a tortfeasor's wrongful conduct offends established public policy, particularly where the tort "invades another's legally protected interest." *Niblo,* 445 N.W.2d at 355 (allowing emotional distress damages in tort action for retaliatory discharge in violation of public policy). The *Niblo* court provided examples of other instances where emotional distress damages have been allowed in tort actions, and discussed the issue of when such damages may be available, as follows:

> When the tort involves willful or unlawful conduct, rather than negligence, recovery of mental distress damages has been allowed despite a lack of injury in a variety of different factual situations. *See, e.g., Kraft v. City of Bettendorf,* 359 N.W.2d 466, 471 (Iowa 1984) (false arrest); *Blakel[e]y v. Estate of Shortal,* 236 Iowa 787, 791–93, 20 N.W.2d 28, 31 (1945) (act of suicide in plaintiff's kitchen); *Holdorf v. Holdorf,* 185 Iowa 838, 842, 169 N.W. 737, 738–39 (1919)[(1918)] (willful assault); *Johnson v. Hahn,* 168 Iowa 147, 149, 150 N.W. 6, 6 (1914) (repeated solicitation to commit adultery); *Watson v. Dilts,* 116 Iowa 249, 252, 89 N.W. 1068, 1069 (1902) (encounter with a nighttime trespasser in the home); *Shepard v. Chicago, R.I. & Pac. R.R.,* 77 Iowa 54, 58–9 41 N.W. 564, 565 (1889) (wrongful ejection from a train); *Stevenson v. Belknap,* 6 Iowa 96[97], 103–05[, 1858 WL 120] (1858) (seduction); *see also Craker v. Chicago & Northwestern R.R.,* 36 Wis. 657, 677–79[, 1875 WL 6254] (1875) (recovery allowed for injured feelings where a conductor kissed a female passenger against her will).

Recently, our court of appeals allowed damages for an emotional distress claim arising out of the tort of interference with an existing contract. *Peterson v. First Nat'l Bank of Iowa,* 392 N.W.2d 158, 167 (Iowa App.1986); *see* Restatement (Second) of Torts § 774A(1)(c) (1977); *accord Trimble v. City & County of Denver,* 697 P.2d 716, 730 (Colo. 1985) (plaintiff entitled to damages for mental suffering as a result of the supervisor's intentional interference with contractual relations); *Mooney v. Johnson Cattle Co.,* 291 Or. 709, 718, 634 P.2d 1333, 1343 (1981) (damages for emotional suffering could be recovered in an intentional interference with contractual relations action); *cf. Hobson v. Wilson,* 737 F.2d 1, 61–62 (D.C.Cir.1984) (emotional distress damages could be compensated in civil rights action), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985); *King v. Acker,* 725 S.W.2d 750, 754, 756 (Tex.Ct.App.1987) (recoverable damages for tortious interference with inheritance rights include losses for emotional distress).

These cases teach us that the question of whether damages for emotional distress are recoverable in a given tort depends on the theory of recovery in each type of action. In cases grounded on negligence where there is no duty to exercise ordinary care to avoid causing emotional harm, recovery is generally denied for the infliction of mental distress without an accompanying physical injury. Consequently, this court has approved the dismissal of an action where the only damage claimed was the mental distress caused by the negligent telephoning of truthful information by violent and profane language. *Kramer v. Ricksmeier,* 159 Iowa 48, 51, 139 N.W. 1091, 1091–92 (1913).

We allowed a limited exception to this rule in *Mentzer* and *Cowan*, where the telegraph company negligently failed to deliver messages concerning deaths. In *Mentzer* it was reasoned that the telegraph company owed a duty of due care to the public, somewhat akin to that of a common carrier, and that the enforcement of that duty, by allowance of damages, would force them to be more careful. 93 Iowa at 757–58, 771, 62 N.W. at 3, 7 [(1895)]; *see also Cowan[ v. Western Union Telegraph Co.]*, 122 Iowa [379]at 384–85, 98 N.W. [281]at 283 [(1904)]. Thus the exceptions created in the telegraph message cases were established in large part on public policy considerations.

We have been lenient in allowing incidental damages for mental distress in tort cases when the theory of recovery includes intentional acts or those arising out of illegal conduct. We have indicated that such damages are actual or compensatory rather than vindictive or punitive. *Mentzer*, 93 Iowa at 767, 62 N.W. at 6.

*Id.*, 445 N.W.2d at 354–55.

Despite these exceptions to the general rule with respect to certain torts, Iowa has maintained the view that damages for mental or emotional distress are not available in a fraud action. The issue was first considered by the Iowa Supreme Court in *Cornell v. Wunschel*, 408 N.W.2d 369 (Iowa 1987), an action by the lessee-purchaser of a motel complex for fraudulent misrepresentation by the seller-lessor. Among other things, the plaintiff sought damages for mental distress. The court explained:

One of the keys to an award of damages for fraudulent misrepresentation is that the party committing the fraud could have contemplated the claimed damage as a consequence of the fraud at the time the misrepresentation was made. Damages for mental distress are not ordinarily contemplated in a business transaction; thus, few courts have recognized their availability as an element of fraud damages. *See Walsh v. Ingersoll–Rand Co.*, 656 F.2d 367, 370–71 (8th Cir.1981); *Moore v. Slonim*, 426 F.Supp. 524, 527 (D.Conn.), *aff'd*, 562 F.2d 38 (2d Cir.1977) ("It is black letter law that damages for mental distress are not ordinarily available in a cause of action for a business fraud."); *Ellis v. Crockett*, 51 Haw. 45, 52, 451 P.2d 814, 820 (1969) (emotional distress damages recoverable only if amounting to separate intentional tort); *Harsche v. Czyz*, 157 Neb. 699, 710, 61 N.W.2d 265, 272 (1953) (prejudicial error to instruct jury on emotional distress in fraud case, even though damages for emotional distress recoverable for breach of promise of marriage). *But see McNeill v. Allen*, 35 Colo.App. 317, 325, 534 P.2d 813, 819 (1975). We adhere to the view announced by Professor Dobbs,

deceit is an economic, not a dignitary tort, and resembles, in the interests it seeks to protect, a contract claim more than a tort claim. For this reason, though strong men may cry at the loss of money, separate recovery for mental anguish is usually denied in deceit cases.

[D. Dobbs, *Handbook on the Law of Remedies*] § 9.2, at 602 [(1973)]. . . . Submission of an element of damages for mental distress in a business fraud case constitutes prejudicial error.

*Cornell*, 408 N.W.2d at 382.

The Iowa Supreme Court reaffirmed its position in *Bates v. Allied Mutual Insurance Co.*, 467 N.W.2d 255 (Iowa 1991), an action arising from an automobile accident, in which the plaintiff sued the tortfeasor's insurer and its attorney for bad faith, unfair trade practices, fraud, and intentional

infliction of emotional distress. As part of his fraud claim, the plaintiff sought damages for emotional distress as an element of consequential damages. The court held:

> Damages for emotional distress are not available in a cause of action for fraud. *Cornell,* 408 N.W.2d at 382. Notwithstanding plaintiff's contended distress, fraud is an economic tort which only protects pecuniary losses. *Walsh v. Ingersoll–Rand Co.,* 656 F.2d 367, 370 (8th Cir.1981) (citing Restatement (Second) of Torts § 549 (1977)).

*Bates,* 467 N.W.2d at 260. *See also Lawrence v. Grinde,* 534 N.W.2d 414, 422 (Iowa 1995) ("Damages for emotional distress which arise out of acts which invade an interest protected by tort law are recoverable only if the claimed emotional distress 'naturally ensues from the acts complained of.'" [Citation omitted.]). *Cf. Dillon v. General Casualty Co.,* 975 F.2d 522, 524–25 (8th Cir.1992) (affirming district court's striking of compensatory damages for emotional distress in case against products liability insurer for misrepresentation in settling lawsuit, citing *Cornell, Niblo,* and *Mills,* on this issue).[7] *But see Campbell v. State Farm Mutual Auto. Ins. Co.,* 65 P.3d 1134, 1164–65 (Utah 2001), *rev'd on other grounds, State Farm Mutual Auto. Ins. Co. v. Campbell,* —— U.S. ——, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (overturning Utah's prior position that "a fraud claim may not support emotional distress damages because fraud is an economic and not a dignitary tort"; recognizing "scholarly and caselaw support" that was not available when the earlier policy was decided).

The plaintiff's counsel admitted in the hearing on the present motion that the only cause of action that would support the plaintiff's emotional distress claim is Count II, based on fraudulent concealment and nondisclosure. Based on these authorities, as well as a reasoned reluctance to extend the availability of emotional distress damages to all types of "garden variety" product liability claims, the court finds Iowa law only supports an award of pecuniary damages on the plaintiff's claim, and holds the plaintiff may not recover damages for emotional distress under the facts of this case. As a result, the defendant is entitled to judgment as a matter of law on the plaintiff's claim for emotional distress damages. *See Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Woodsmith,* 904 F.2d at 1247.

## IV.  CONCLUSION

For the reasons discussed above, the court finds the plaintiff cannot recover damages for emotional distress on the facts of this case, and grants the defendant's motion for partial summary judgment.

**IT IS SO ORDERED.**

---

7. For a general discussion and collected cases regarding which states have, and have not, allowed emotional distress damages in fraud cases, and under what circumstances, *see* S.J. Gaynor, *Fraud Actions: Right to Recover for Mental or Emotional Distress,* 11 A.L.R.5th 88, 1993 WL 837699.