L. L. WATSON, Appellant, v. W. A. DILTS, Appellee.

**Damage from Trespass:** NERVOUS PROSTRATION IS PHYSICAL INJURY.
Recovery may be had for nervous prostration from fright,
caused by defendant's trespassing, by stealthily entering, in
the night time, plaintiff's home, this being a physical injury,
and the proximate result of the wrong.

*Appeal from Henry District Court.*—HON. JAMES D.
SMYTH, Judge.

THURSDAY, APRIL 10, 1902.

ACTION to recover damages for physical disability,
produced by fright. A demurrer to the petition was sus-
tained, and judgment rendered for the defendant. The
plaintiff appeals.—*Reversed.*

*Palmer & Kopp* and *Watson & Weber* for appellant.

*McCoid & Finley* for appellee.

SHERWIN, J.—The petition alleges that the plaintiff is
a married woman, and that on the 9th day of February, she
resided, with her husband and child, on a farm remote
from the traveled highway; that in the night time of said
day, at about the hour of 11 o'clock, and after she, her
husband, and her child had gone to bed, the defendant

wrongfully, surreptitiously, and stealthily entered her said home, and went upstairs to the second story thereof, as the plaintiff then believed, to commit a felony; that the identity of the defendant was not known to her at the time she heard him enter the house and go upstairs, and that she called to her husband to follow him, which he did; that in her apprehension for her own, her child's, and her husband's life, from what appeared to her a threatened danger, she followed her husband up to the room where the defendant was found and where she found him and her husband in what appeared to her to be an encounter, and an assault upon her husband; that she became greatly terrified thereat, and was attacked with a violent nervous chill of such severity that her nervous system completely gave way, and she became prostrated, and was confined to her bed with threatened neurosis, or paralysis, and suffered great mental and physical pain for nearly six weeks, during all of which time she was confined to her bed, and unable to attend to her household duties. The demurrer to the petition is based on the ground that the damages claimed are too remote and speculative, and that the plaintiff seeks recovery for fright and injuries resulting therefrom without any physical injury to her which caused the fright. The petition alleges physical injuries resulting from the fright caused by the defendant, and the demurrer thereto raises the question whether recovery may be had for physical injuries so caused.

Many cases have been before the courts in which the question of a recovery for mental pain alone, and for physical disability produced by fright, unaccompanied by physical impact, have been decided; and the decisions on these questions are in conflict, though it is probably true that the numerical weight of authority denies the right of action. But the cases so holding are not in harmony as to the reasons given for denying the right of action; some of them hold that the injury is not the proximate result of the alleged

negligent or wrongful act, while others refuse a recovery for the reason that it is practically impossible to satisfactorily administer any other rule and serve the purposes of justice. .The latter rule is the one adopted in Massachusetts. *Spade v. Railroad Co.,* 168 Mass. 285 (47 N. E. Rep. 88) 38 L. R. A. 512, 60 Am. St. Rep. 393. We shall not take the time to review the cases in detail which hold to the doctrine that no recovery can be had. A large majority of them are cases in which the simple charge of negligence was made, and in many of them no claim was made for physical disability resulting from the fright. A review of some of the cases will be found in *Braun v. Craven,* 175 Ill. 401 (51 N. E. Rep. 657, 42 L. R. A. 199). See, also, note in *Ewing v. Railway Co.,* 147 Pa. 40 (14 L. R. A. 666 [s. c. 23 Atl. Rep. 340, 30 Am. St. Rep. 709].) Our attention has not, however, been called to any case in which the facts averred are precisely parallel to the facts in this case, and in no case to which we have been cited, and in no case which our own investigation has discovered, have we found facts alleged which so strongly condemn the unlimited application of the rule contended for by the appellee as do the facts pleaded in the case at bar. This defendant, in the night time, stealthily and unbidden invaded the home of the plaintiff and her husband and family. *When he entered the house and went to an upper room, she did not know who it was, nor his·purpose and intent in thus breaking and entering their home. It was an unlawful and lawless trespass on his part, no matter whether he entered with the intent to steal the personal property of the inmates of the house or whether he was in quest of other game. Nor does it matter, in our judgment, that the trespass was committed on property belonging to the husband. It was her home as well as that of her husband; her right to its peaceful and quiet enjoyment day or night was equal to that of her husband; and any unlawful entry or invasion therof. which produced physical injury to her

was a wrong for which she ought to recover. Let us go a little further with the case, and suppose that his purpose had been to ransack the house, and steal therefrom; that he went in masked, and with a deadly weapon in his hand. His discovery there under such circumstances might well cause alarm to the boldest man, and, if it produced nervous prostration, and physical disability, the theory, no matter what its reason, that would say there was no actionable wrong, would be too fine spun and too cold for our sanction. Nor could it be said, under such circumstances, that the prostration resulting from the fright so caused was not the proximate or probable result of the defendant's act. "Proximate cause is probable cause; and the proximate consequence of a given act or omission, as distinguished from a remote consequence, is one which succeeds naturally in the ordinary course of things, and which, therefore, ought to have been anticipated by the wrongdoer." 1 Thompson, Negligence, 156. It is within the common observation of all that fright may, and usually does, affect the nervous system, which is a distinctive part of the physical system, and controls the health to a very great extent and that an entirely sound body is never found with a diseased nervous organization; consequently one who voluntarily causes a diseased condition of the latter must anticipate the consequences which follow it. The nerves being, as a matter of fact, a part of the physical system, if they are affected by fright to such an extent as to cause physical pain, it seems to us that the injury resulting therefrom is the direct result of the act producing the fright. *Spade v. Railroad Co.,* 168 Mass. 285 (47 N. E. Rep. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393); *Hill v. Kimbell,* 76 Tex. Sup. 210 (13 S. W. Rep. 59, 7 L. R. A. 618); *Mack v. Railroad Co.,* 52 S. C. 323 (29 S. E. Rep. 905, 40 L. R. A. 679, 68 Am. St. Rep. 913); *Purcell v. Railway Co.,* 48 Minn. 134 (50 N. W. Rep. 1034, 16 L. R. A. 203); *Larson v. Chase,* 47 Minn. 307 (50 N. W. Rep. 238, 14 L. R. A. 85, 28 Am.

St. Rep. 370); *Meagher v. Driscoll,* 99 Mass. 281 (96 Am. Dec. 759); *Lombard v. Lennox,* 155 Mass. 70 (28 N. E. Rep. 1125, 31 Am. St. Rep. 528); *Mentzer v. Telegraph Co.,* 93 Iowa, 752. It is undoubtedly true that the door should not be thrown wide open for trumped-up claims on account of injuries resulting from fright, and we do not intend to so open it in this case. Each case must, of necessity, depend on its own facts. We held in *Lee v. City of Burlington,* 113 Iowa, 356, that no recovery could be had for the death of a horse alleged to have been caused by fright, because death therefrom could not be anticipated, and hence it was not the proximate result of the defendant's negligence. In *Mahoney v. Dankwort,* 108 Iowa, 321, the question before us was not decided. That case was disposed of on the facts there presented, and was a case of simple negligence. The reasoning of the Massachusetts cases should not be applied to this case, for greater evil would result from a holding of no actionable wrong than can possibly follow the rule we announce. We do not concern ourselves with what the trial of this case may disclose, but hold a cause of action stated in the petition.

The demurrer should therefore have been overruled.— REVERSED.