**James L. JARVIS and Johanna W. Jarvis, Appellants,**

v.

**MONTGOMERY WARD AND COMPANY, INC., Appellee.**

No. 75–1558.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 19, 1975.

Decided Dec. 5, 1975.

---

Larry R. Curtis, Ames, Iowa, for appellants.

L. R. Voigts, Des Moines, Iowa, for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Dr. and Mrs. Jarvis brought this diversity action seeking damages for the willful and intentional infliction of mental distress by the defendant Montgomery Ward and Company, Inc. (hereinafter Ward) arising from the latter's attempts to enforce collection of a charge account.

The district court, sitting without a jury, entered judgment for the defendant, holding that the plaintiffs had failed to meet their burden of proving that Ward's acts were willful and malicious. Plaintiffs appealed.

The district court found that between 1969 and 1971, plaintiffs had various discussions with Ward's personnel at the Ames, Iowa store concerning disputed charge accounts; that on some of these occasions the Ward's representatives were less than courteous to Dr. and Mrs. Jarvis; and that on one occasion the plaintiffs overheard the store manager, Mr. James Cornwell, refer to them in a derogatory manner. In 1970 and 1971, Ward's representatives telephoned plaintiffs on a regular basis concerning payment of the accounts. On several occasions, plaintiffs were called more than once on the same day. Occasionally, Dr. Jarvis was called while at work and told that unless his accounts were paid, his employer might be contacted. There was no evidence, however, that the employer was contacted.

The sole question presented for review is whether the district court erred in ruling that Iowa law requires plaintiffs to prove that defendant's acts were willful and malicious in order to recover for emotional distress. Plaintiffs contend that they need only show that Ward's collection attempts were unreasonable. We find the district court properly interpreted Iowa law and affirm its judgment.

Iowa law is well settled that an action for emotional distress lies only where a defendant acts willfully or maliciously. See *Amos v. Prom, Inc.,* 115 F.Supp. 127, 132–33 (N.D.Iowa 1953); *Beneficial Finance Co. of Waterloo v. Lamos,* 179 N.W.2d 573, 582 (Iowa 1970); *Curnett v. Wolf,* 244 Iowa 683, 57 N.W.2d 915, 918 (1953); *Blakeley v. Shortal's Estate,* 236 Iowa 787, 20 N.W.2d 28 (1945); *Barnett v. Collection Service Co.,* 214 Iowa 1303, 242 N.W. 25, 28 (1932). *Cf. Northrup v. Miles Homes, Inc. of Iowa,* 204 N.W.2d 850 (Iowa 1973); *Amsden v. Grinnell Mutual Reinsurance Co.,* 203 N.W.2d 252 (Iowa 1972).

Plaintiffs urge this court to adopt a standard of unreasonableness based on several factors, including the nature of the centralized accounting and billing practices of the defendant. They argue that the Iowa standard requiring a showing of willful or malicious activity does not reflect the sophisticated practices of large commercial concerns. The contention finds no support in Iowa law. The district court properly invoked the rule of law requiring plaintiffs to prove that Ward's acts were willful or malicious. The district court served as a trier of fact and its findings must be sustained unless clearly erroneous. The record supports the judgment of dismissal.

The judgment of the district court is affirmed.