# Spearman *v.* McCrary.

*Fright or Shock from Operation of Automobile.*

(Decided April 18, 1912.  Rehearing denied May 4, 1912.
58 South. 927.)

1. *Damages; Physical Injury; Fright.*—Where substantial physical injury can be traced in cause to fright or shock, occasioned by wrongful conduct on the part of a defendant, the fact that plaintiff suffered no physical injury otherwise than in consequence of the fright or shock, does not deprive her of the right to recover damages.

2. *Same; Evidence.*—Where the action was for injuries on account of the alleged negligent operation of defendant's automobile, causing plaintiff's mule to take fright and run away, thereby giving plaintiff a great nervous shock, and consequent physical suffering, it was competent to show that two of plaintiff's small children were in the buggy, when the mule was caused to run away.

3. *Evidence; Judicial Notice; Physical Injury.*—Courts cannot take judicial notice of the existence of any physical or natural law, justifying the affirmation that physical injury may not follow a shock caused by fright alone, where the incident occasioning the fright involved no contact with or touching the person of the victim of the injury.

[Spearman v. McCrary.]

4. *Same; Non Expert; Speed of Moving Vehicle.*—A witness may testify as to the speed of moving vehicle, although not shown to be an expert.

5. *Appeal and Error; Harmless Error; Evidence.*—Where a witness had already made a statement to substantially the same effect, it was not prejudicial to exclude a similar statement of the same witness.

6. *Trial; Reception of Evidence; Rebuttal.*—Where the defendant asserted that the mule did not run away and that nothing occurred to cause hurt to anyone about the buggy to which the mule was harnessed, it was competent to show that the husband of the plaintiff was injured by the running away of the mule; the action being for damages for injury from the running away of the mule caused by the alleged negligent operation of defendant's automobile.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Annie McCrary against L. C. Spearman, for damages caused by the negligent operation of an automobile. Judgment for plaintiff and defendant appeals. Affirmed.

L. G. GRAY, for appellant. The court erred in overruling the demurrers to the complaint.—*Blount v. W. U. T. Co.*, 126 Ala. 105. The court erred in permitting it to be shown that the plaintiff fainted or became sick after the alleged accident, as this was not an element of damage. —13 Cyc. 42. Charges 1 to 13 should have been given.— *Blount v. W. U. T. Co., supra;* 10 L. R. A. 464; 13 Cyc. 45. Actual injury must have been inflicted.—67 Ala. 189; 1 Cyc. 665. Counsel discuss assignments of error relative to evidence, but without further citation of authority.

ALLEN & BELL, and JAMES J. RAY, for appellee. A non expert may testify as to the speed of a moving vehicle.—*K. C. M. & B. v. Crocker*, 95 Ala. 412; *L. & N. v. Stewart*, 128 Ala. 313; *Walker v. The State*, 58 Ala. 395. It was competent to show that the two little children were still in the buggy when the mule ran away.—128

Ala. 213; 130 Ala. 256; 145 Ala. 682; 148 Ala. 468; 156 Ala. 95. The fact that the plaintiff fainted was competent, and was not a conclusion but a fact.—*Dominick v. Randolph*, 124 Ala. 557; *L. & N. v. Stewart, supra.* It was competent to show in rebuttal that plaintiffs' husband was hurt.—Authorities supra. There is no doubt of her right to recover for injuries resulting from a nervous shock or fear proximately caused by another's wrong.— *Lockhart's case,* 79 Ala. Ala. 313; 44 Ia. 318; 93 Ia. 752; 54 Wis. 342; 93 Pa. St. 492; 22 Conn. 290; 94 Ind. 474; 79 Ga. 358; 53 Vt. 589. On these authorities ,it must be held that the court was not in error in refusing to give the charges requested.

WALKER, P. J.—The injuries complained of were attributed by the averments of the several counts of the complaint to the fright or shock of the plaintiff (the appellee here) caused by the wrongful conduct of the defendant in his operation of an automobile on a public highway. Just before the occurrence complained of, the plaintiff and her husband had alighted from a buggy, drawn by a mule, in which they were traveling with their four children. The averments of several of the counts show that the defendant's conduct in causing the mule to run away with the buggy containing two of the plaintiff's small children so frightened and unnerved her that she fainted and swooned, was made sick and subjected to physical suffering, as well as to mental distress and annoyance. It is urged in the argument of the counsel for the appellant that the demurrers to the complaint and the several counts thereof should have been sustained on the grounds suggesting their failure to show such an actual injury to the plaintiff's person, reputation, or estate as to furnish a legal support for a claim of damages.

The proposition contended for is that, if the plaintiff suffered no physical injury otherwise than in consequence of the fright or shock to which she was subjected, she has no legal cause of action, no matter how actual or serious may have been the physical ills so entailed upon her. Unquestionably there are rulings in other jurisdictions which fully support this proposition.—See note to case of *Gulf, Colorado & Santa Fe Ry. Co. v. Hayter,* 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856, 862. The authorities on the subject are in irreconcilable conflict.—1 Cooley on Torts (3d Ed.) 96. So far as we are advised, the question thus presented has not been authoritatively passed on in this State.

It is not to be doubted that the averments of the complaint show that the conduct of the defendant constituted a breach of duty owing to the plaintiff as a traveler on a public highway. Plainly it was a part of the purpose of the statutory regulations as to the speed of automobiles on public roads and as to their being stopped, upon signal, in certain situations (Code, §§ 6322-6326), to prevent the use of such machines as means of transportation on the public highway from unnecessarily interfering with the rights of other travelers to use such highways in other ways at the same time with safety and without avoidable alarms. The objection urged to the sufficiency of the complaint is based, not upon a claim that it fails to aver a breach by the defendant of a duty owing by him to the plaintiff, but upon the claim that it fails to show that the plaintiff sustained any such damage as is by law required to concur with the wrong complained of to give her a right of action. In this connection, reference is made to the rule prevailing in this state that damages for mental suffering alone, when unaccompanied by any injury to person, reputation, health, or estate, are not recoverable.—*Blount v.*

[Spearman v. McCrary.]

*Western Union Telegraph Co.,* 126 Ala. 105, 27 South. 779. Rulings to that effect are not applicable in the present case, as the complaint here pointedly avers that, as a proximate result of the wrong complained of, the plaintiff was subjected to physical as well as mental suffering. If the complaint is subject to the objection urged, it is not because it fails to show that the plaintiff suffered such injury as the law allows damages for when wrongfully caused, but because the mode of its infliction is one which the law does not permit to be recognized unless accompanied by injury otherwise caused. The objection comes to this: That the plaintiff cannot maintain a claim to damages for the physical injury complained of because of the manner in which the averments of her complaint show that she sustained that injury. Certainly the general rule is that a physical hurt resulting from the negligence or wrongful conduct of another gives a right of action. The claim in effect is that this rule is subject to such a limitation or exception as to render it inapplicable when there is no injury except that which is traceable to fright or terror caused by the wrongful conduct complained of. The existence of such a limitation or exception has been recognized by courts whose views are entitled to such weight that we might well hesitate to decline to follow their rulings, though not satisfied with the reasons advanced in support of them, if we did not find that other courts, to whose expositions also we are warranted in looking for guidance in such a matter, had reached a different conclusion, on considerations which seem to us to be appropriate and controlling. A collection of conflicting decisions on the question is found in 1 Cooley on Torts (3d Ed.) 96.

When a complaint shows the concurrence of the two things ordinarily regarded as sufficient to give rise to a right of action, namely, a wrong or breach of duty

owing to the plaintiff, and that thereby he sustained such an injury as the law allows to be compensated in damages, certainly a suggestion that cognizance should not be taken of the injury complained of, merely because of the manner of its infliction, is not to be lightly adopted in the absence of some definite reasons which the law deems good and sufficient to support such a conclusion. Courts which hold that no recovery can be allowed for physical suffering occasioned by fright or terror resulting from the commission of a tort do not agree in the reasons advanced to support such rulings. Some base their conclusion to this effect on the ground that the defendant's act cannot be regarded as the proximate cause of the physical injury complained of, or that the damages claimed are too remote and speculative to be entitled to recognition. Others seem to be most influenced by the consideration that the recognition of such a right of recovery would open the door to imaginary and fictitious claims.—*Braun v. Craven*, 175 Ill. 401, 51 N. E. 657. 42 L. R. A. 199; *Morse v. Chesapeake & Ohio Ry. Co.*, 117 Ky. 11,, 77 S. W. 361; *Mitchell v. Rochester Ry Co.*, 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604; *Spade v. Lynn & B. R. Co.*, 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393; *Huston v. Freemansburg Borough*, 212 Pa. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49.

Unless we are warranted in saying that we can take judicial cognizance of it as a matter of common knowledge that real bodily harm cannot, without the intervention of some other independent proximate cause, result from frightening or putting one in terror, we may well refuse to assert it as a legal proposition that fright or terror may not be recognized as a proximate cause of a physical injury, because of not being convinced that the announcement of such a proposition would not

in effect involve a misstatement of fact.   We must plead
ignorance of the existence of any such physical or natu-
ral law.

We do not think that we would be at all justified in
affirming that physical injury may not follow a shock
caused alone by fright, though the incident occasioning
the fright involved no contract with or touching of the
person of the victim of the injury.   And we know of no
legal reason for denying that any agency is the prox-
imate cause of a given result when it is as a matter of
fact.   In view of the ruling made in the case of *Engel v.
Simmons,* 148 Ala. 92, 41 South. 1023, 7 L. R. A. ) N. S.)
96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740, this is enough,
perhaps more than enough, to say in reference to a sug-
gestion that the alleged frightening of the plaintiff can-
not be regarded as the proximate cause of the physical
injury complained of, when the averments of her com-
plaint show that such is the fact.   This was a case of a
trespass upon the plaintiff's home.   The plaintiff there
had a right of action because of the trespass, and the
question was as to her right to recover damages for phys-
ical injury resulting from fright caused by the circum-
stances of the trespass.   It was plainly held that there
is no legal obstacle to prevent the recognition of fright
or terror as the proximate cause of a physical injury,
and that a claim to damages could be based upon such in-
jury caused by fright alone.

If substantial injury can be traced to one's fright
or shock occasioned by the wrongful conduct of another,
it cannot be said that it is legally impossible for the con-
nection between the wrong and the damages claimed on
account of it to be as clearly demonstrated by evidence
as if the injury had been attributed to the direct ap-
plication of some exterior force; and the injury sustain-
ed may be as palpable as if a bodily blow had been in-

flicted. It follows that the objection on the ground of remoteness in the legal sense as applied to the relation of cause and effect is not tenable, and that the claim to damages has a decidedly more tangible basis to rest on than in cases in which no physical harm resulted, and is not subject to the objections which have prevailed to prevent the recognition of claims based upon mental disturbance or suffering alone, because of their illusory and speculative nature.

In the case of *Spade v. Lynn & Boston R. Co.*, 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393, the Massachusetts court definitely committed itself to the proposition that, in an action to recover damages for injury sustained through the negligence of another, there can be no recovery for a bodily injury caused by mere fright and mental disturbance. It rejected the suggestion that such a ruling could be based on the absence of the requisite causal connection between the fright alleged and the injury attributed to it, saying: "It would seem therefore that the real reason for refusing damages sustained from mere fright must be something different, and it probably rests on the ground that in practice it is impossible satisfactorily to administer any other rule * * * As the law is a practical science, having to do with the affairs of life, any rule is unwise if, in its general application, it will not as a usual result serve the purposes of justice." The rule thus announced has in a way been adhered to in that State, but its later history has not been such as to furnish a satisfactory vindication of its soundness. In a subsequent case (*Homans v. Boston Elevated Ry.*, 180 Mass. 456, 62 N. E. 737, 57 L. R. A. 291; 91 Am. St. Rep. 324) it was referred to by Holmes, C. J., as "an arbitrary exception based upon a notion of what is practicable." In a still later case (*Driscoll v Gaffey*, 207 Mass. 102, 92 N. E.

1010), in which there was but a scintilla of evidence of a physical injury "from without," the plaintiff herself refusing to state positively that anything hit her, and the testimony of her physician, which seems to have been her main reliance for proof of the injury complained of, being to the effect that fright was the sole cause of the injury, the court said: "Where, however, the fright or mental disturbance is accompanied as a result of the same accident by physical injury 'from without,' then in the damages to be assessed there should be included not only those directly due to the injury from without, but also those attributable to the mental shock or disturbance. And it is not necessary that the physical injury from without should be indicated upon the surface of the body by a bruise or otherwise." And, in referring to the testimony in the case, it was said: "Upon this evidence the defendant might reasonably have entertained a belief that the jury would adopt what seemed to be the view of the attending physician and conclude that the plaintiff suffered no physical injury from without, but that all her physical ailments were to be attributed solely to the mental shock. But they were not bound to take the physician's view. They might have thought that his attention was from the first attracted rather to what he regarded as the more serious and lasting effects of the accident than to comparatively insignificant injuries due to the fall upon the floor." This amounted to saying that the right of action might be saved if the jury could bring themselves to a conclusion from the evidence that there was some negligible touching of the plaintiff's person—anything which the law recognized as a trespass —and, if they could find such a foothold for the technical right of action, the substantial damages in the case could be awarded for the real injury sustained as a result of fright or mental shock. The situation developed

in that case demonstrated that the result of the enforcement of the rule to which the court had committed itself might well be that all rights of redress for a substantial injury satisfactorily shown by the evidence to be attributable to the wrongful conduct of the defendant would have to be denied, unless the evidence in the case also showed that the same wrong was the cause of another kind of injury, however trivial or insignificant the latter might be. This is making the right to recover depend upon a mere semblance of an injury, when any just claim of substantial damages must be based upon something else.

The assertion of a rule of nonliability for real bodily harm wrongfully caused by terror or fright, if it is unaccompanied by any physical injury "from without," or other recognized ground of legal liability, involves the assumption of the existence of a right or power in the courts to withhold redress for an injury caused by another's wrong whenever the conclusion is warranted that similar claims may be simulated and possibly sustained by untrustworthy evidence of such a character as to be very difficult to combat. If courts had heretofore generally regarded themselves as vested with a power to deny the existence of a right of action on such considerations of policy, it is highly probable that our law pertaining to damages for personal injuries would be very different from what we find it to be today. Often when a claim of damages for such an injury has been based upon some novel or unfamiliar state of facts not heretofore recognized as giving rise to a right of action, the court must have been conscious that its recognition of a right to recover would probably be followed by the assertion by others of similar claims having little merit to support them and dependent for their maintenance upon unsatisfactory and perhaps fabricated evidence. But certainly

[Spearman v. McCrary.]

no such considerations have as a rule availed to prevent the recognition of the claim merely because of its novelty, if what the law recognizes as wrong and damage have been shown to concur. And a court may well be justified in declining to hold that something more than wrong and damage must concur to give a right of action when it is seen that the rule of nonliability which is claimed to exist in such a case as the present one does not involve a denial of the right to be compensated in damages for an injury caused by fright, but merely has the effect of making the right to recover such damages dependent upon the existence of a feature of the wrongful ocurrence which confessedly may be quite trivial and amount to no more than a merely technical breach of a duty owing to the plaintiff, resulting in no appreciable harm to him, besides being in itself a thing the existence of which often may be shown by evidence even more readily fabricated and less easy to refute than that in reference to the injury attributed to mental fright or shock.

It is not deemed necessary to give further consideration to the reasons assigned by different courts to support the conclusion that redress for physical injury resulting from fright or mental shock tortiously caused may be denied in the absence of some other recognized ground for an award of damages. The result of our examination of the authorities on the question under consideration and of the reasons advanced to support the conflicting views of different courts is that we reach the conclusion that the complaint was not subject to demurrer because of its failure to show that the plaintiff sustained any physical injury otherwise than the result of fright or mental shock. We cite some of the rulings which we regard as furnishing support for this conclusion.—*Watson v. Dilts,* 116 Iowa, 249, 89 N. W. 1068, 57

L. R. A. 559, 92 Am. St. Rep. 239; *Hill v. Kimball*, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; *Dulieû v. White & Sons*, L. R. K. B. (1901) 669; *Purcell v. St. Paul City Ry. Co.*, 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; *Yoakum v. Kroeger* (Tex. Civ. App.) 27 S. W. 953; *Hickey v. Welch*, 91 Mo. App. 4; *Watkins v. Koalin Manufacturing Co.*, 131 N. C. 536, 42 S. E. 983, 60 L. R. A. 617. In some material respects the views announced in some of these decisions have heretofore been approved in this state.—*Engle v. Simmons*, 148 Ala. 92, 31 South. 1023, 7 L. R. A. )N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740.

A witness, though not shown to be an expert, may testify as to the speed of a moving vehicle.—*Kansas City, Memphis & B. R. R. Co. v. Crocker*, 95 Ala. 412, 11 South. 262; *Louisville & Nashville R. R. Co. v. Stewart*, 128 Ala. 313, 29 South. 562. The court was not in error in overruling the objection to the question to the plaintiff's husband as to the speed of the automobile.

It was not improper to permit the plaintiff to prove that her two little children were still in the buggy, from which she and her husband had just alighted, when the mule was caused to run away. This fact was part of the situation properly to be taken into account in considering the effect upon the plaintiff of such an occurrence.

The suggestion made in the argument, that the testimony as to the plaintiff's fainting and becoming sick should have been excluded because such results were disassociated from any direct physical injury inflicted, is disposed of by what already has been said.

Complaint is made of the action of the court in excluding on motion a statement of the defendant's witness Thirsk that the plaintiff was sitting on the ground. The defendant could not have been prejudiced by this ruling,

[Western Union Telegraph Company v. Russell.]

as the same witness had already made a statement to substantially the same effect, which was not excluded.

The evidence in behalf of the defendant was to the effect that the mule did not run away, and that nothing occurred to cause a hurt to any one about the buggy. The testimony of the plaintiff's husband, as a witness in rebuttal, as to his being injured by the running away of the mule, had some tendency to rebut evidence offered by the defendant.

It is not suggested in the argument of the counsel that there was error in the refusal to give either of the written charges requested by the defendant except upon the ground that it raised the question of the plaintiff's right to recover for fright or mental suffering disassociated from actual injury otherwise caused. As, for reasons already stated, the contention of the appelllant in this regard cannot be sustained, error is not to be imputed, on the ground suggested, to the refusal to give either of the written charges requested.

Affirmed.