James O. **COVINGTON** et al.,
Appellants,

v.

**ESTATE OF** Patrick Russell **FOSTER**
et al., Appellees.

**No. 6044.**

Court of Civil Appeals of Texas,
Waco.

July 12, 1979.

Rehearing Denied Aug. 16, 1979.

Ronald M. Gipson, Dibrell, Dibrell, Greer & Brown, Galveston, for appellants.

Ervin A. Apffel, Jr. and Douglas W. Poole, McLeod, Alexander, Powel & Apffel, Inc., Galveston, for appellees.

### OPINION

McDONALD, Chief Justice.

The issue in this case is whether, under Texas law, a parent can recover for mental anguish due to injuries to his child.

This case arose out of an automobile accident occurring when a car driven by Patrick Foster collided head-on with an automobile driven by James O. Covington while traveling in the wrong direction on a divided highway. Patrick Foster was killed in the accident, and James O. Covington, Pamela Covington, and their minor daughter Mary Jane, all suffered injuries as a result of the accident. Mr. and Mrs. Covington brought suit for their damages caused by injuries to each of them and to their minor daughter, against the Estate of Patrick Foster, and James T. Foster, father of Patrick Russell Foster, whom it was alleged had negligently entrusted his automobile to Patrick Foster. Mary Jane's cause of action for her own injuries was settled prior to trial. The settlement did not include any cause of action for damages which Mr. and Mrs. Covington may have suffered as a result of the injuries to their daughter, except that they released any claim they might have to future earnings of the minor daughter.

The trial court sustained a Motion in Limine filed by defendants, and ordered plaintiffs' attorney not to read pleadings for or make proof before the jury of mental anguish and suffering by Mr. and Mrs. Covington on account of the injuries sustained by their child Mary Jane.

Trial was to a jury which found: 1) Patrick Foster failed to keep his vehicle on the righthand side of a divided highway; 2) That such failure was a proximate cause of the accident; 3) That Patrick Foster was not driving the vehicle with the permission of James T. Foster; 4) That Patrick Foster did not have a valid driver's license; 5) That when he permitted Patrick Foster to drive the vehicle James Foster knew Patrick had no driver's license. The jury fixed James O. Covington's damage at $5,000. permitting the jury to consider only the following elements of damage: a) Physical pain and mental anguish in the past; b) loss of earnings in the past; c) the reasonable expenses in the past for necessary medical and hospital care for treatment of injuries resulting from the occurrence in question; fixed Pamela Covington's damage at $5,000. considering only the above; and fixed medical bills of Mary Jane paid by Mr. and Mrs. Covington at $5,768.

Plaintiffs moved the court to disregard the jury's answer to Issue 3, and defendants moved for judgment on the verdict. The trial court granted plaintiffs' motion; denied defendants' motion, and rendered judgment for plaintiffs against defendant James Foster individually and as administrator of the Estate of Patrick Foster for $15,768.

Plaintiffs appeal contending: "The trial court erred in excluding all evidence and argument of the mental anguish, and physical manifestations thereof, suffered by the parents James O. Covington and Pamela Covington, as a result of the injuries to their minor daughter, Mary Jane Covington".

Plaintiffs' pleading alleged "Finally Mr. and Mrs. Covington have each suffered se-

vere mental pain and suffering by virtue of the severe and extensive injuries to their daughter, Mary Jane". As noted the trial court sustained defendants' Motion in Limine and ordered plaintiffs' attorney "Not to read or make proof before the jury of any mental anguish by plaintiffs Mr. and Mrs. Covington, over the injuries sustained by their child Mary Jane".

As a result the testimony of Mr. and Mrs. Covington as to their mental suffering and physical manifestation thereof resulting from the injury to Mary Jane were taken outside the presence of the jury; as was the testimony of Reverend Darnell, the Covingtons' pastor, as to the mental and physical effects of the injuries to Mary Jane on Mr. and Mrs. Covington.

As noted at the outset the issue here is whether under Texas law a parent can recover for mental anguish due to witnessing or experiential perception of injuries to his child caused by the negligence of the defendant.

The annotation in 29 ALR3d Series "Right to Recover Damages in Negligence for Fear of Injury to Another, or Shock or Mental Anguish at Witnessing Such Injury", pp. 1337–1386, states with respect to the right of a plaintiff to recover for injury resulting from his mental or emotional disturbance, "the authorities are in a state of dissension probably unequaled in the law of torts", extending from no right to recover, to right to recover "where the plaintiffs' emotional disturbance was or should have been reasonably foreseeable to the defendant". *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316.

Other cases hold that a parent who suffered fright or shock resulting in physical suffering as a result of witnessing an incident endangering the life of a child is entitled to recover for such suffering. 38 Am. Jur.2d p. 48; *Spearman v. McCrary*, 4 Ala. App. 473, 58 So. 927, cert. den., 177 Ala. 672, 58 So. 1038.[1]

Our Supreme Court in *Kaufman v. Miller*, 414 S.W.2d 164 recognizes this field of the law is in a developing process; suggests that cases in this area should be dealt with on a case by case basis; and applies the test of whether the injury was or should have been reasonably foreseeable to the defendant tort feasor.[2]

In *Dave Snelling Lincoln-Mercury v. Simon* (Houston, Tex.Civ.App. 1) NRE, 508 S.W.2d 923 the court considered the question of whether a mother could recover damages for mental injury in the form of traumatic depressive reaction, as a result of witnessing the death of her child (caused by negligence of defendant). The jury failed to find plaintiff suffered physical injury in addition to her mental injury, but the trial court granted plaintiff's motion to disregard such answer and found plaintiff did suffer physical injuries or manifestations as a result of her mental injury. *Kaufman v. Miller*, supra was interpreted as establishing the test of foreseeability in determining liability in the factual situation involved, and the court then holds that they cannot say as a matter of law defendant could not have foreseen the consequences of his negligence as found by the jury. The court further comments: " 'It may be more difficult to prove the connection between the alleged cause and the injury [mental injury at witnessing the death of her child] but if it is proved, and the injury be the proximate result of the cause, we cannot say that a recovery should not be had' ".

In *Landreth v. Reed* (Texarkana, Tex.Civ. App. N.W.H.) 570 S.W.2d 486 the court was faced with whether a young child could recover for the emotional trauma associated with the drowning death of her sister. The trial court awarded the minor $25,000. for injuries she received as a result of witnessing the death of her sister. The award was challenged, on among other grounds, that she did not receive a physical impact as a result of the negligent act. The court said:

---

1. See 18 A.L.R.2d pp. 220–240 for contrary cases.

2. In such case the court held that the plaintiffs' injury was not reasonably foreseeable to defendant.

"The problem of whether to allow recovery of damages by one who witnesses the negligent injury of another person has confronted and perplexed the courts for decades * * * [Some courts hold] each case should be determined upon the traditional concepts of negligence and proximate cause based upon reasonable foreseeability * * *. Although the exact question has not been definitely answered by a decision of our own courts, it appears that Texas will follow the modern rule, * * * based upon those traditional concepts. * * *

"It is generally agreed that in determining foreseeability in this type of case, several facts will be relevant: 1) whether the plaintiff was located near the scene of the accident; 2) whether the shock resulted from a direct emotional impact upon the plaintiff from a contemporaneous perception of the accident, as distinguished from learning of the accident from others after its occurrence; and 3) whether the plaintiff and the victim were closely related".

In the case at bar Mary Jane was in the car with her parents; all three were injured; the child was unconscious and totally paralyzed; Mr. Covington testified on bill of exception that out of concern for the daughter he sustained mental suffering as a result of his daughter's injury; that he suffered nervous stomach ulcers, general nervousness, difficulty sleeping, worry, and disability to concentrate, Mrs. Covington testified on bill of exception that out of concern for the daughter she suffered much mental anguish; that the child was comatose for days, paralyzed and her left side was spastic, suffered brain damage and eye damage; that she is still bothered by nervous stomach, nervous tension; that a prior condition of "spastic colon" worsened materially after the accident; and especially when she thought about Mary Jane's condition. Reverend Darnell testified that prior to the accident Mr. and Mrs. Covington were calm stable people; that after the accident they had severe emotional problems; that he counselled them; that their injuries were minimal to the injuries of their daughter; that the mental anguish of Mr. and Mrs. Covington was largely caused by the daughter's injuries.

We think it not unforeseeable as a matter of law that a person who proceeds the wrong way in a motor vehicle on a divided highway could collide with a vehicle injuring the occupants including a minor child; and that the parents would suffer emotional and mental injury because of their minor child's injuries, separate and apart from their own physical and emotional injuries.

We sustain plaintiffs' point, hold that the trial court erred in excluding plaintiffs' pleading, evidence and argument of the mental anguish and physical manifestations thereof suffered by plaintiffs as a result of the injuries to their daughter; and that this requires a reversal of the judgment and a remand of the case.

Plaintiffs have raised an additional point, and defendants have raised a crosspoint, but in view of another trial we do not reach same.

REVERSED AND REMANDED.