[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS THREE AND SIX OF THE AMENDED COMPLAINT
The defendants, Charles B. Price, Jr. and Jacobs, Grudberg, Belt and Dow, P.C., have moved to strike the third and sixth counts of the amended complaint filed by the plaintiffs. In the third count Abdullah Shabazz seeks recovery for his emotional distress in witnessing injuries to his wife, Chandra Shabazz. In the sixth count Michael Sistrunk seeks recovery for his emotional distress in witnessing injuries to his father and mother in an automobile collision in which Sistrunk and Abdullah Shabazz claim to have been injured and in which Chandra Shabazz is alleged to have suffered injuries from which she died the day after the accident. CT Page 4028
It is alleged in the amended complaint that on October 24, 1991, the vehicle in which Abdullah Shabazz, his wife, Chandra Shabazz, and his son, Michael Sistrunk, were driving was hit from the rear by the car driven by the defendant Charles B. Price, Jr., and that it was caused to strike a tree on the west side of Route 15 in Milford. In the challenged counts of the complaint (Count 3 at paragraph 5 and Count 6 at paragraph 5), Abdullah Shabazz and Sistrunk allege that they observed the injuries to Chandra Shabazz and her pain and suffering which led to her death and that they suffered emotional distress and anguish, the effects of which, they allege, are likely to be permanent.
The defendants assert three grounds for striking the plaintiffs' claims for emotional distress:
 1. Connecticut law does not recognize a cause of action for emotional distress suffered by a bystander;
 2. If such a claim were recognized as a valid cause of action, it can be maintained only where a plaintiff alleges serious emotional distress beyond the reaction which could be anticipated in a disinterested witness and beyond the normal response to the circumstances;
 3. Parties who seek to recover for their own injuries in an accident cannot also maintain claims as bystanders.
I. STANDARD OF REVIEW
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138, 142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465,471 (1991); Ferryman v. Groton, 212 Conn. 138, 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v. People's Bank,219 Conn. 465, 471; Senior v. Hopes, 156 Conn. 92, 97-98 (1968). CT Page 4029
II. THE EXISTENCE OF A CAUSE OF ACTION FOR EMOTIONAL DISTRESS IN WITNESSING HARM TO ANOTHER
Though the Connecticut Supreme Court has decided cases on the outskirts of the issue presented, it has not, in fact, decided squarely whether a cause of action may be maintained for emotional distress suffered by a direct witness to physical harm to a close relative in a collision or other immediate traumatic occurrence. In Strazza v. McKittrick, 146 Conn. 714, 719 (1959), the Court ruled that a mother who erroneously thought her child was on a porch that was struck by a truck "cannot recover for nervous shock resulting from fear of injury to her child." The issue in Strazza v. McKittrick was recovery for fear of threatened physical harm to another when no injury to the other person in fact occurred.
In dicta, the court cited various encyclopedia references for the proposition that
 [e]ven where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another. Note, 18 A.L.R.2d 220, 224, 234; 38 Am. Jur. 660, 18; 67 C.J.S. 761, 55.
The issue before the Court in Strazza, however, was not the direct witnessing of actual injury to a family member but only the fear of such an injury even when no injury occurred, and the observation set forth above is therefore clearly obiter dicta. To the extent, however, that this statement signifies that the Connecticut Supreme Court continues to follow the guidance of the American Law Reports, it is useful to consider 29 A.L.R.3d 1337, (1970) which supersedes the section cited by the Court in Strazza. In the 1970 A.L.R. entry that specifically considers recovery by some occupants of a car for emotional distress suffered from witnessing injury to other occupants, 29 A.L.R.3d 20, 1379, the commentator reported that there was a split in decision among the cited courts, which were trial courts, not appellate courts. When the entry was updated in the 1993 supplement, it cited four appellate decisions recognizing a cause of action in this situation: Keck v. Jackson, 593 P.2d 668, 122 Ariz. 114 (1979); Binns v. Fredendall; 513 N.E.2d 278, 32 Ohio St.3d 244 (1987); Covington v. Estate of Foster, 584 S.W.2d 726 (Tex. 1979); Dawson v. Garcia, 666 S.W.2d 254 (Tex.App. 1984) and a California trial CT Page 4030 court decision denying recovery because the plaintiff was not closely related to the victim, Elden v. Sheldon, 758 P.2d 582,250 Cal.Rptr. 254 (1988). See 29 A.L.R.3d Supp. 20, p. 128 (1993).
To extent that Strazza indicates a willingness by the Connecticut Supreme Court to follow the weight of authority reported in the American Law Reports, that authority reports recognition of a cause of action of people who are present at a collision for emotional distress arising from witnessing injury to members of their families.
Contrary to the suggestion of the movant, the Connecticut Supreme Court did not address the issue now before this court in Maloney v. Conroy, 208 Conn. 392 (1988) or Amodio v. Cunningham,182 Conn. 80 (1980). Both of those cases involved not participation in a precipitous accident, but family members' observations of the claimed results of a course of negligent medical treatment to other family members.
The holding in Maloney was specifically confined to claims of bystanders to medical malpractice: "[w]e hold that a bystander to medical malpractice may not recover for emotional distress and accordingly find no error in the striking of the complaint by the trial court." (emphasis supplied) Maloney v. Conroy, 208 Conn. 392,393. The Court's analysis in Maloney was based on "the troublesome questions of causation;" that is, whether, in the absence of a specific traumatic event, grief over the death of the patient could be distinguished from distress caused by the claimed medical malpractice. [emphasis supplied] Maloney v. Conroy, 208 Conn. 392,399.
The Court in both Amodio and Maloney specifically left open the issue of bystander, or, more accurately, participant, recovery from emotional distress caused by witnessing a sudden injury to a relative, and the Court issued only a very narrow holding, specifically acknowledging that it was not deciding issues outside the setting of medical malpractice:
 [w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for CT Page 4031 nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
Maloney v. Conroy, 208 Conn. 392, 402. [emphasis supplied].
Having concluded, as did Judge Ballen in Diaz v. Camacho,10 Conn. L. Rptr. No. 2, 34 (10/18/93), that the Supreme Court has never expressly rejected the cause of action at issue in the case before this court, it is necessary to proceed to a decision whether the clean slate determined to exist should be filled in with a rejection or recognition of a cause of action, or, to express the issue in another way, whether the reasons for the ruling in Maloney apply to the context presented here.
The primary reason stated by the Court for refusing to recognize a cause of action in Maloney and Amodio was the difficulty of distinguishing between the "natural grief of a family member upon the death of another family member — a grief that goes uncompensated when it happens without the negligence of another — and the emotional distress specific to the events set in motion by the claimed tortfeasor, that is, the ante mortem injury, pain and suffering, apart from the fact of the death and loss to the claimant of his or her family member.
Because the wrongful death statute reflects a legislative choice to allocate solely to the decedent's estate the recovery for loss of the life; Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 295
(1993), Connecticut courts cannot recognize a cause of action for the death of a member of a claimant's family. The limits of the wrongful death statute do not, however, limit recovery related to injuries other then death.
Jurors are often required to differentiate between various periods of injury. For example, in the context of statutory wrongful death actions brought pursuant to 52-555 C.G.S., the Connecticut Supreme Court has held that the decedent's estate can recover for ante mortem pain and suffering suffered by the decedent Floyd v. Fruit Industries, Inc., 144 Conn. 659, 669 (1957) and, as a separate matter, for the loss of life itself. Chase v. Fitzgerald, 132 Conn. 469, 470 (1946).
Similarly, juries in wrongful death cases are routinely instructed not to consider the loss to family members from the death, but rather to determine the losses to the decedent. See CT Page 4032 Wright and Ankerman, Connecticut Jury Instructions, (Civil) (4th ed.) 245, 450 (1993), and this differentiation has never been thought to be beyond the ability of jurors. There is no reason to assume that a trier of fact cannot perform the similar task of separating a claimant's distress in witnessing an injury and ante mortem suffering by a family member in an accident from distress arising from the death itself.
The other reasons cited by the Connecticut Supreme Court for not recognizing a cause of action for bystander emotional distress in a medical malpractice context were 1) the possibility that hospitals would curtail visitation of patients to reduce the number of potential bystander claimants and 2) the fear that medical providers would be distracted by the need to mollify bystanders rather than being guided by the needs of the patient, Maloney,208 Conn. 391-2. Neither of those policy reasons applies in the context before this court, since drivers owe an equal duty of care to all occupants of other vehicles.
Courts have recognized that in deciding which of the rippling effects of negligence should be held actionable and which not, we are engaged in drawing arbitrary lines; Thing v. LaChusa, 771 P.2d 814,828 (Cal. 1989); and that those lines should be drawn to include as actionable those claims for emotional distress that are the most foreseeable and the most consonant with normal expectations of the consequences of negligence. The formulation of the California Supreme Court, sitting en banc in Thing v. LaChusa, supra, 771 P.2d 814, 829 was as follows:
 [w]e conclude, therefore, that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff; (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
The Appellate Court of New York has similarly recognized a CT Page 4033 right of recovery for emotional distress for persons who witness injury to family members. Bovsun v. Sanperi, 461 N.E.2d 843 (N Y 1984).
Since the Connecticut Supreme Court has never ruled on the precise cause of action presented here, and since the reasons for its decision in Maloney either do not apply or do not appear to present any greater difficulties of determination than is already countenanced as to other causes of action, this court finds that a negligence action which seeks recovery for emotional distress by a passenger in an automobile from observing ante mortem injuries to close family members may be maintained in Connecticut. Such injuries are hardly speculative or outside the anticipated results of negligence, and they should be given the same recognition as other kinds of emotional harm.
III. SATISFACTION OF PLEADING REQUIREMENTS
The defendants plead that even if this court recognizes a cause of action for injuries within the scope of Thing v. LaChusa, supra, the husband and son of Chandra Abdullah have not alleged facts sufficient to state claims within the limits of what is actionable. Specifically, the defendants urge that the plaintiffs have not alleged "a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances," citing Thing, 771 P.2d at 821. The defendants attempt to distort this requirement by arguing that if family members normally would be distressed at an injury of the type at issue, a plaintiff has failed to state a claim. If this construction of the Thing formulation were accurate, the California Supreme Court would be guilty of having created what mathematicians call a "null set," that is, a category containing no items: if the emotional distress experienced upon injury to close family members is simply a "normal response," then there would be no occasions when a family member would have a cause of action if this interpretation were correct. It is not. The California Supreme Court did not state that only extreme emotional distress, beyond that usually experienced by those with a close relationship is actionable, and that court should be understood to have recognized a cause of action by those who, because of their close relationship with the injured person, experience more than the response normally experienced by a disinterested witness. The defendants have cited no instance in which the California courts have interpreted Thing v. LaChusa in the manner they propose. CT Page 4034
By alleging that they are, respectively, the spouse, father and son of their fellow occupants of the Shabazz car, Abdullah Shabazz and Michael Sistrunk have set forth facts sufficient to give rise to an implication that they suffered a reaction beyond the normal response of a disinterested witness, since appropriate implications are to be recognized in the context of a motion to strike. Bouchard v. People's Bank, 219 Conn. 471.
IV. SIMULTANEOUS CAUSES OF ACTION FOR DISTRESS AS AN INJURED PARTY AND WITNESS TO OTHERS' INJURIES
Relying solely on a trial court ruling, Murphy v. Banziruk,8 Conn. L. Rptr. No. 10, 331 (3/8/93) (Pickett, J.) the defendants assert that a plaintiff who maintains a cause of action for emotional distress with regard to his own injuries may not also maintain a cause of action for distress caused by his observation of the injury to family members in the same collision. This court does not endorse the logic of Murphy v. Banziruk. The fact that a plaintiff is injured himself does not negate the fact that he has witnessed injury to another, when both events cause distress. An occupant of the same car as his injured mother or spouse is no less injured from observing their suffering if he is also injured than if he is uninjured, and this court finds no reason why a plaintiff who has suffered two separate varieties of distress cannot recover for both.
CONCLUSION
The Connecticut Supreme Court has not ruled on the existence of a cause of action for emotional distress caused by witnessing the ante mortem injuries and suffering of a family member in an automobile collision. The third and sixth counts of the complaint adequately allege causes of action within the scope recognized by other appellate courts.
The motion to strike Counts Three and Six is denied.
Beverly J. Hodgson Judge of the Superior Court