[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 102 and 108)
A. FACTS:
The plaintiff, Julie Colturi, herein Wife, alleges she was injured on or about September 30, 1994, when she was caused to slip and fall on the defendants parking lot located at 24 West Main Street, Avon, Connecticut. The parking lot is owned by defendant, Ensign-Bickford Realty Corp., herein Ensign-Bickford, and defendant First and Last, Inc., herein First and Last, operated a business on said premises at which the plaintiffs were patrons.
Wife alleges that as a result of the poor lighting in the parking lot she was unable to see a poorly designed island and tripped over it causing her injuries. Co-plaintiff, John Colturi, herein Husband, is Julie's husband, alleges that he witnessed his wife trip and fall to the ground sustaining injuries. Husband alleges he sustained great mental anguish as a result of observing wife's injuries and helping her obtain medical assistance.
First and Last has filed motions to strike (No. 102 and No. 108) seeking to strike the plaintiffs's second count. Both motion No. 102 and No. 108 are identical, however, No. 102 is directed toward the original complaint and No. 108 toward the amended complaint dated February 4, 1996. Since both motions and memorandum are identical, and since No. 102 has not been acted upon, this court will treat both motions together in its decision.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a CT Page 2723 pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The defendant's motion to strike the second count of the amended complaint states as grounds that the plaintiff failed to state a cause of action upon which relief may be granted because Connecticut does not recognize a cause of action in bystander emotional distress.
The Connecticut Appellate Courts have yet to address bystander emotional distress in a non-medical malpractice action. The superior courts have been split on whether the cause of action exists. The majority of superior courts permit recovery for bystander emotional distress provided the plaintiff has satisfied the three requirements set forth in Dillon v. Legg,63 Cal.2d 728, 441 P.2d 912 (1968) and adopted in Amodio v.Cunningham, 182 Conn. 80, 438 A.2d 6 (1980).
The three Dillon requirements are:
 "(1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
 (2) The shock resulted from a direct and emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."
Amodio v. Cunningham, supra 182 Conn. 88.
This court adopts the reasoning of the majority of superior CT Page 2724 courts permitting a cause of action for bystander emotional distress if the plaintiff has properly pled the three Dillon
factors. For an example, see Shabazz v. Price,11 Conn. L. Rptr. 334,9 CSCR 498 (1994) (Hodgson, J.) (plaintiffs husband and son witnessed the wife/mother's suffering and death in a car accident); Given v. Intino, Superior Court, judicial district of Tolland at Rockville, Docket No. 054733 (February 1, 1995, Rittenband, J.) (plaintiff witnessed victim being attacked by a dog and eventual stabbing to death of the dog).
The second count of the amended complaint states that Husband witnessed his wife trip and fall in the parking lot (Husband was near his wife when she was injured); in observing his wife sustain injuries to her wrist, hand and face and in helping her in obtain medical attention he alleges he suffered great mental anguish (mental anguish resulted from the contemporaneous observance of the incident); and plaintiff is closely related to the victim.
In this court's opinion, taking the plaintiff's complaint in the light most favorable to him, the plaintiff has sufficiently pled the three Dillon requirements set forth supra.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant s motion to strike No. 102 and No. 108, ought to be and is hereby denied.
It is so ordered,
SALVATORE F. ARENA SUPERIOR COURT JUDGE